UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM DOUGLAS WYATT, JR.,

    Plaintiff,

  v.                                CAUSE NO. 3:18-CV-999 DRL-MGG

FOX *et al.*,

    Defendants.

## OPINION AND ORDER

Mr. William Douglas Wyatt, Jr., a prisoner without a lawyer, alleges prison staff violated the Eighth Amendment by failing to protect him at the Miami Correctional Facility. In his complaint, Mr. Wyatt sues seven defendants: Counselor Fox, Miami Correctional Facility, C.O. Dice, Lieutenant Bennett, Sergeant K. Shade, Lieutenant John Doe, and Sergeant Calvert for compensatory and punitive damages. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To state a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Wyatt alleges that, on August 26, 2018, he approached Ms. N[1] and told her he needed protective custody because he was "scared for [his] safety." ECF 1 at 2. He told her that two inmates

---

[1] Mr. Wyatt identifies Ms. N as a C.O. on K-dorm who works on night duty, but he does not provide her last name. ECF 1 at 2.

from gang organizations had threatened him after they learned that he had been convicted of a sex offense. *Id.* They explicitly told him that he had to "check in" with them or get out of the dorm or he would be stabbed, beaten, or robbed. *Id.* Ms. N gave Mr. Wyatt a protective custody request form to fill out. *Id.* He completed the form, but the request was denied. *Id.* He filled out a second request for protective custody the same day and identified inmates who had threatened him, pulled knives on him, and had taken his television. *Id.*

The next day, on August 27, 2018, when Mr. Wyatt was on his way to eat breakfast, a group of inmates surrounded him. *Id.* The inmates assaulted him by striking him twice on the back of the head and told him to get out of the dorm. *Id.* After returning to his dorm, he asked Ms. N if he could be placed in protective custody. *Id.* at 3. She told him that his second request for protective custody had been denied and there was nothing further she could do. *Id.* Mr. Wyatt next discussed the situation with Ms. Dice, who told him she would contact his Unit Team Manager, Counselor Fox. *Id.* He also advised Lieutenant Bennett about the assault, who told Mr. Wyatt he needed to speak to his counselor, Ms. Fox. *Id.* He discussed the situation with Ms. Fox, who told him he would not be placed in protective custody. *Id.*

Because he was not being placed in protective custody, Mr. Wyatt told Ms. Fox that he did not want to return to the dorm as he feared he would be assaulted again. *Id.* Lieutenant John Doe, Ms. Dice, Lieutenant Bennett, and another officer then attempted to escort him back to his dorm; but he refused and resisted them, so they threatened him with the use of a TASER device. *Id.* at 3-4. Mr. Wyatt says he stopped resisting at which point he was forcefully pushed into a wheelchair, wheeled back to the dorm, and placed back in his room. *Id.* at 4. When he entered the dorm, other inmates shouted and called him names. *Id.*

Later that night, in the recreational room, several inmates approached him and demanded that his family either wire him money or they would beat him up. *Id.* Mr. Wyatt refused to contact his

2

family, and the inmates stated they would continue to threaten him until he either paid for protection or they forced him to leave the dorm. *Id.* That night after lockdown, Mr. Wyatt gave Sergeant Calvert a note with the names and location of the inmates who had threatened him along with another request to be placed in protective custody. *Id.* However, Mr. Wyatt was neither moved from the dorm nor afforded protective custody. *Id.*

The morning of August 28, 2018, Mr. Wyatt was assaulted by an inmate who struck him several times from behind. *Id.* Following the assault, he was forced to stay in his room, kept in the same dorm for three more days, and was again denied protective custody. *Id.* at 4-5.

Mr. Wyatt asserts an Eighth Amendment claim against Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert for failing to protect him from the two assaults. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Accepting Mr. Wyatt's allegations as true and giving him the benefit of reasonable inferences for purposes of this stage of review, he has alleged facts from which it can be inferred that Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert failed to protect him from the assaults of other inmates in violation of the Eighth Amendment.

Mr. Wyatt's claim against Lieutenant John Doe cannot proceed. As a practical matter, his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the

3

plaintiff"). Therefore, Mr. Wyatt cannot proceed against Lieutenant John Doe unless properly identified.

Mr. Wyatt has also sued the Miami Correctional Facility. The Miami Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot state a claim against the Miami Correctional Facility.

Last, Mr. Wyatt has sued Sergeant K. Shade. However, he never mentions Sergeant Shade in his complaint. Therefore, he cannot proceed on a claim against Sergeant Shade.

For these reasons, the court:

(1) GRANTS William Douglas Wyatt, Jr. leave to proceed on his Eighth Amendment claim for money damages against Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert for allegedly failing to protect him from inmate assaults on August 27, 2018 and August 28, 2018;

(2) DISMISSES Miami Correctional Facility, Sergeant K. Shade, and Lieutenant John Doe;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which William Douglas Wyatt, Jr., has been granted leave to proceed in this screening order; and

(6) DENIES William Douglas Wyatt, Jr.'s motion to screen complaint (ECF 9) as unnecessary.

SO ORDERED.

August 29, 2019                          *s/ Damon R. Leichty*
                                                           Judge, United States District Court