WILLIAM DOUGLAS WYATT, JR.,

        Plaintiff,

    v.                                CAUSE NO. 3:18-CV-999-DRL-MGG

FOX, *et al.*,

        Defendants.

## OPINION AND ORDER

William Douglas Wyatt, Jr., a prisoner without a lawyer, is proceeding against Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert for monetary damages on his Eighth Amendment claim for allegedly failing to protect him from inmate assaults on August 27, 2018, and August 28, 2018. ECF 12 at 4. He has filed two motions for injunctive relief requesting that he be permanently placed in protective custody. ECF 26, 27.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act ("PLRA"), injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Id.* at 683 (quotation marks, brackets, and citations omitted).

In his first motion, Mr. Wyatt asserts that, on August 16, 2019, he was placed in Unit G-118, which is the "Honor Dorm," at Miami Correctional Facility. ECF 26 at 2. He is requesting that the court "order an injunction and give [n]otice to Warden William Hyatte" that he remain in the Honor Dorm so that he will not be assaulted again. ECF 26 at 3. Alternatively, Mr. Wyatt asks the court to facilitate his transfer to another prison where he will be afforded protective custody as Miami Correctional Facility does not have a protective custody unit. *Id.* at 4.

In his second motion, Mr. Wyatt states that, on December 6, 2019, he was moved from Unit G-118 to Unit N-329, where other inmates have now threatened to assault him. ECF 27 at 1. He states he is fearful that if he stays in either this dorm or any "idle dorm" he will be assaulted. *Id.* He further acknowledges that his first motion for injunctive relief is likely moot as he was not in danger when he filed it because he was housed in Unit G-118 in the Honor Dorm. *Id.* However, Mr. Wyatt now believes he is in danger of being assaulted because he is housed in Unit N-329, and his counselor, Ms. Fox, who processes his legal papers, is a defendant in this case. *Id.* He requests that he be placed back in the Honor Dorm or alternatively be transferred to a facility where he can be afforded protective custody status.

As a threshold matter, Mr. Wyatt's requests for injunctive relief are based on allegations that are outside the scope of his claim in this case. The only claim Mr. Wyatt is proceeding on in this matter is an Eighth Amendment claim for money damages against Ms. Fox, Ms. Dice, Lieutenant Bennett,

and Sergeant Calvert for allegedly failing to protect him from inmate assaults on August 27, 2018, and August 28, 2018. ECF 12 at 4. The court has not given him leave to proceed on any claim related to events in 2019, or on any claim for injunctive relief. Because Mr. Wyatt's requests for injunctive relief only relate to events in 2019, they are outside the scope of the claims permitted by this court's screening order. However, even if the facts contained in his motions were included in his complaint, his requests for injunctive relief would be denied.

In this case, Mr. Wyatt has failed to make a clear showing that he is entitled to injunctive relief because he has not alleged specific imminent threats in either of his motions for injunctive relief or his requests for protection. In his first motion for injunctive relief, Mr. Wyatt alleged that "after discovering [that he had] been convicted of a past sex offense, problems started such as extortion, threats, beatings, . . ." (ECF 26 at 1). In his second motion, he alleges that "I have again been threatened about my previous convictions and I'm sure that soon I will get assaulted." ECF 27 at 1. In July 2019, Mr. Wyatt completed a request for protection in which he claimed he was being "threatened because [he had] a prior sex offense [in 2006]." ECF 33-3 at 1. Because Mr. Wyatt has asserted vague and ambiguous claims, they are insufficient in putting prison officials on notice of an alleged risk to his safety. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (defendants were not deliberately indifferent where plaintiff failed to identify a tangible threat to his safety and instead said he felt unsafe and wanted to be moved).

Furthermore, the prison's staff reasonably responded to Mr. Wyatt's requests for protection. "[A]n officer who actually knew of a substantial risk to a detainee's safety is free from liability 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted, because in that case it cannot be said that [he was] deliberately indifferent." *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006) (quoting *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005) (internal citations omitted)). Each time Mr.

Wyatt requested protection, prison staff implemented precautionary measures to remove him from the perceived threats.

On July 3, 2019, Mr. Wyatt submitted a request for protection in which he alleged that he was being threatened and assaulted by fellow inmates. ECF 33-1 ¶ 4. He claimed that the brother of the victim he sexually assaulted in 2006 was housed in the same facility, and the victim's brother planned to have him killed by the Aryan Brotherhood. *Id.* However, the identity of the victim's brother could not be confirmed. ECF 33-2 at 1. Because Mr. Wyatt was not able to identify the individual who was threatening him—in lieu of protection—he was moved to a different unit. ECF 33-1 ¶ 5.

Several weeks later, on July 20, 2019, Mr. Wyatt submitted a second request for protection, claiming that he had been threatened and attacked because he turned in another offender for having a contraband cell phone. ECF 33-1 ¶ 6. After an investigation, Mr. Wyatt was denied protective custody due to a lack of information, but he was granted a bed move away from the other offender. *Id.* ¶ 7. About ten days later, on July 31, 2019, he submitted a third request for protection, in which he again alleged that he was being threatened by the same offender for his prior sex offense. *Id.* ¶ 8. However, he was not able to provide additional information to differentiate his third request from his previous two requests. *Id.* In lieu of protection, Mr. Wyatt was moved from his current unit and placed in the Honor Unit. *Id.* On December 6, 2019, Mr. Wyatt was removed from the Honor Unit and placed in Unit N due to a Class B conduct report. *Id.* ¶ 9. He also submitted a fourth request for protection and, in lieu of protective custody, was moved to Unit J. *Id.* ¶ 10. Therefore, based on the record before the court, prison staff addressed Mr. Wyatt's safety concerns and took precautionary measures by moving him to different units.

In this case, injunctive relief is also not warranted because Mr. Wyatt has confirmed that his housing placement is appropriate. ECF 33-1 ¶ 11. On December 19, 2019, Nathanael Angle, Unit Team Manager, spoke with Mr. Wyatt, who told him that he "feels decent" remaining in Unit J. *Id.*

Mr. Angle and Mr. Wyatt discussed alternative housing options, and Mr. Wyatt indicated that he would like to move back to the Honors Dorm. *Id.* ¶ 12. However, Mr. Angle informed him that he would need to check on the status of his conduct report. *Id.* Mr. Wyatt also requested a facility transfer. Mr. Angle informed him that he would complete the necessary paperwork for an appropriate level transfer due to the ongoing issues at Miami Correctional Facility. *Id.* ¶ 13. He also told Mr. Angle that, if he could not be transferred to the Honors Dorm, he would be alright with getting a job on the "A/O side of J Unit" until his transfer was completed. *Id.* ¶ 14. This option is currently being evaluated. *Id.* Mr. Wyatt has not expressed any fear of being harmed by other offenders in his current placement. *Id.* ¶ 15. Instead, he generally expressed contentment with his current placement. *Id.* ¶ 16.

Given Mr. Wyatt's satisfaction with his current housing placement, the prison staff's continued efforts to address his concerns, and the lack of an imminent threat of harm, Mr. Wyatt has not demonstrated that he is in danger or that he will suffer irreparable harm. Therefore, injunctive relief is not necessary in this case.

For these reasons, the court:

(1) DENIES William Douglas Wyatt, Jr.'s motion requesting injunctive relief (ECF 26); and

(2) DENIES William Douglas Wyatt, Jr.'s motion for a preliminary injunction (ECF 27).

SO ORDERED.

January 16, 2020                          *s/ Damon R. Leichty*
                                          Judge, United States District Court