UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS WYATT, JR., Plaintiff, v. FOX *et al.*, Defendants. | CAUSE NO. 3:18-CV-999-DRL-MGG |

OPINION & ORDER

William Douglas Wyatt, Jr., a prisoner without a lawyer, is proceeding against Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert for monetary damages on his Eighth Amendment claim for allegedly failing to protect him from inmate assaults on August 27, 2018 and August 28, 2018. ECF 12 at 4. He has filed a motion for injunctive relief requesting that he be permanently placed in protective custody. ECF 52. Mr. Wyatt previously filed two motions for injunctive relief that the court denied on January 16, 2020. ECF 44.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). Furthermore, under the Prison Litigation Reform Act ("PLRA"), injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation,

and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and use the least intrusive means necessary to correct the violation of the federal right. This section of the PLRA enforces a point repeatedly made by the United States Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage. *Id.* at 683.

Mr. Wyatt's request for injunctive relief is based on allegations that are outside the scope of his claim in this case. The only claim Mr. Wyatt is proceeding on in this matter is an Eighth Amendment claim for money damages against Ms. Fox, Ms. Dice, Lieutenant Bennett, and Sergeant Calvert for allegedly failing to protect him from inmate assaults on August 27, 2018 and August 28, 2018. ECF 12 at 4. The court has not given him leave to proceed on any claim related to events in 2020, or on any claim for injunctive relief. Because Mr. Wyatt's request for injunctive relief only relates to events in 2020, they are outside the scope of the claims permitted by this court's screening order.

Accordingly, the court DENIES Mr. Wyatt's motion for preliminary injunction (ECF 52).

SO ORDERED.

April 13, 2020                                           *s/ Damon R. Leichty*
                                                                                            Judge, United States District Court